| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, state bar number, and address):*<br>Nicholas O. Kennedy (State Bar No. 280504)<br>BAKER & McKENZIE LLP<br>1900 North Pearl Street, Suite 1500<br>Dallas, TX  75201<br><br>TELEPHONE NO.: 214 978 3000     FAX NO.: 214 978 3099<br>ATTORNEY FOR *(Name):* Plaintiff Ming Global Limited | **FOR COURT USE ONLY** |
| NAME OF COURT: **UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**<br>STREET ADDRESS: 411 West 4th Street<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: Santa Ana, CA 92701-4516<br>BRANCH NAME: Southern Division - Ronald Reagan Federal Building and U.S. Courthouse | |
| PLAINTIFF: MING GLOBAL LIMITED<br><br>DEFENDANT: MONARCH HOLDINGS INC., et al. | |
| **APPLICATION FOR**<br>☒ **RIGHT TO ATTACH ORDER**     ☒ **TEMPORARY PROTECTIVE ORDER**<br>☒ **ORDER FOR ISSUANCE OF WRIT OF ATTACHMENT**<br>☐ **ORDER FOR ISSUANCE OF ADDITIONAL WRIT OF ATTACHMENT**<br><br>☐ After Hearing     ☒ Ex Parte<br>☒ Against Property of Nonresident | **CASE NUMBER:**<br>8:20-cv-01852-JVS-KES |

1. Plaintiff *(name):* Ming Global Limited
   applies  ☐ after hearing  ☒ ex parte  for
   a. ☒ a right to attach order and writ of attachment.
   b. ☐ an additional writ of attachment.
   c. ☒ a temporary protective order.
   d. ☐ an order directing the defendant to transfer to the levying officer possession of
      (1) ☐ property in defendant's possession.
      (2) ☐ documentary evidence in defendant's possession of title to property.
      (3) ☐ documentary evidence in defendant's possession of debt owed to defendant.

2. Defendant *(name):* Irvine Management Transfers and Holdings Corp
   a. ☐ is a natural person who
      (1) ☐ resides in California.
      (2) ☐ does not reside in California.
   b. ☒ is a corporation
      (1) ☐ qualified to do business in California.
      (2) ☒ not qualified to do business in California.
   c. ☐ is a California partnership or other unincorporated association.
   d. ☐ is a foreign partnership that
      (1) ☐ has filed a designation under Corporations Code section 15800.
      (2) ☐ has not filed a designation under Corporations Code section 15800.
   e. ☐ is other *(specify):*

3. Attachment is sought to secure recovery on a claim upon which attachment may issue under Code of Civil Procedure section 483.010.

4. Attachment is not sought for a purpose other than the recovery on a claim upon which the attachment is based.

5. Plaintiff has no information or belief that the claim is discharged or the prosecution of the action is stayed in a proceeding under Title 11 of the United States Code (Bankruptcy).

| | | |
|---|---|---|
| CV-04F (05/18)<br>(AT-105 [Rev. January 1, 2000]) | **APPLICATION FOR RIGHT TO ATTACH ORDER, TEMPORARY PROTECTIVE ORDER, ETC. (Attachment)** | Page one of three<br>Code of Civil Procedure,<br>§§ 482.030, 484.010 et seq. |

| SHORT TITLE: MING GLOBAL v. MONARCH HOLDINGS INC., et al. | CASE NUMBER: 8:20-cv-01852-JVS-KES |
|---|---|

6. ☐ Plaintiff's claim or claims arise out of conduct by the defendant who is a natural person of a trade, business, or profession. The claim or claims are not based on the sale or lease of property, a license to use property, the furnishing of services, or the loan of money where any of the foregoing was used by the defendant primarily for personal, family, or household purposes.

7. The facts showing plaintiff is entitled to a judgment on the claim on which the attachment is based are set forth with particularity in the
   a. ☐ verified complaint.
   b. ☒ attached affidavit or declaration.
   c. ☐ following facts *(specify)*:

8. The amount to be secured by the attachment is: $13,329,181.76
   a. ☐ which includes estimated costs of: $
   b. ☐ which includes estimated allowable attorney fees of: $

9. Plaintiff is informed and believes that the following property sought to be attached for which a method of levy is provided is subject to attachment:
   a. ☒ Any property of a defendant who is **not** a natural person.
   b. ☒ Any property of a nonresident defendant.
   c. ☐ Property of a defendant who is a natural person that is subject to attachment under Code of Civil Procedure section 487.010 described as follows *(specify)*:

   d. ☐ Property covered by a bulk sales notice with respect to a bulk transfer by defendant on the proceeds of the sale of such property *(describe)*:

   e. ☐ Plaintiff's pro rata share of proceeds from an escrow in which defendant's liquor license is sold *(specify license number)*:

10. Plaintiff is informed and believes that the property sought to be attached is not exempt from attachment.

11. ☐ The court issued a Right to Attach Order on *(date)*:
    (Attach a copy.)

12. ☒ Nonresident defendant has not filed a general appearance.

---

CV-04F (05/18) | **APPLICATION FOR RIGHT TO ATTACH ORDER, TEMPORARY PROTECTIVE ORDER, ETC. (Attachment)** | Page two of three

| SHORT TITLE: MING GLOBAL v. MONARCH HOLDINGS INC., et al. | CASE NUMBER: 8:20-cv-01852-JVS-KES |
|---|---|

13. a. Plaintiff ☒ alleges on ex parte application for order for writ of attachment
      ☒ is informed and believes on application for temporary protective order
      that plaintiff will suffer great or irreparable injury if the order is not issued before the matter can be heard on notice because
   (1) ☒ it may be inferred that there is a danger that the property sought to be attached will be
       (a) ☒ concealed.
       (b) ☐ substantially impaired in value.
       (c) ☒ made unavailable to levy by other than concealment or impairment in value.
   (2) ☐ defendant has failed to pay the debt underlying the requested attachment and is insolvent as defined in Code of Civil Procedure section 485.010, subdivision (b)(2).
   (3) ☐ a bulk sales notice was recorded and published pursuant to Division 6 of the Commercial Code with respect to a bulk transfer by the defendant.
   (4) ☐ an escrow has been opened under the provisions of Business and Professions Code section 24074 with respect to the sale by the defendant.
   (5) ☐ other circumstances (specify):

   b. The statements in item 13a are established by ☒ the ~~attached~~ affidavit or declaration - filed herewith
      ☐ the following facts (specify):

14. ☒ Plaintiff requests the following relief by temporary protective order (specify):
    Attachment of Irvine Management Transfers and Holdings Corp's bank accounts, including those with JP Morgan Chase. Additionally, all corporate property of Defendant which is subject to attachment pursuant to subdivision (a) of Code of Civil Procedure Section 487.010, including, but not limited to, deposit accounts at financial institutions pursuant to Code of Civil Procedure Section 488.455.

15. Plaintiff
    a. ☐ has filed an undertaking in the amount of: $
    b. ☒ has not filed an undertaking.

Date: October 6, 2020

Nicholas O. Kennedy
(TYPE OR PRINT NAME OF PLAINTIFF OR PLAINTIFF'S ATTORNEY)

▶ /s/ Nicholas O. Kennedy
(SIGNATURE OF PLAINTIFF OR PLAINTIFF'S ATTORNEY)

## DECLARATION

I declare under penalty of perjury that the foregoing is true and correct.

Date: October 6, 2020

Nicholas O. Kennedy
(TYPE OR PRINT NAME)

▶ /s/ Nicholas O. Kennedy
(SIGNATURE OF DECLARANT)

16. Number of pages attached: _____