Brian P. Ballo, Esq. #134892
**Law Office of Brian Ballo**
120 Vantis, Suite 300
Aliso Viejo, CA 92656
p: (949) 690-4100
brian@ballo.law

Attorney for Defendant and Cross-Claimant Veronica So a/k/a Maria Veronica So a/k/a Maria So

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

**MING GLOBAL LIMITED, a Hong Kong company,**

**Plaintiff,**

**v.**

**MONARCH HOLDINGS, INC., a Nevada corporation, d/b/a MONARCH INTERNATIONAL, INC.; VERONICA SO A/K/A MARIA VERONICA SO A/K/A MARIA SO, an individual; IRVINE MANAGEMENT TRANSFERS AND HOLDINGS CORP., a New York corporation, ALYSSA D'URSO a/k/a ALYSSA DURSO, an individual, and DOES 1 through 10, inclusive,**

**Defendants.**

---

**VERONICA SO A/K/A MARIA VERONICA SO A/K/A MARIA SO, an individual,**

**Cross-Claimant,**

**v.**

**IRVINE MANAGEMENT TRANSFERS AND HOLDINGS CORP., a New York corporation, ALYSSA D'URSO a/k/a ALYSSA DURSO, an individual, and DOES 1 through 10, inclusive,**

**Cross-Defendants.**

---

**CASE NO. 8:20-cv-01852-JVS-KES**

**DEFENDANT VERONICA SO A/K/A MARIA VERONICA SO A/K/A MARIA SO's**

**(1) OPPOSITION TO PLAINTIFF's MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT AND**

**(2) REQUEST FOR TRIAL DATE POSTPONEMENT**

**DATE: July 26, 2021**
**TIME: 1:30 p.m.**
**COURTROOM: 10C**

**District Judge: James V. Selna**
**Magistrate Judge: Karen E. Scott**

Defendant (and Cross-Claimant) Veronica So a/k/a Maria Veronica So a/k/a Maria So ("So"), hereby files this Opposition to Plaintiff Ming Global Limited's ("Ming Global") Motion for Leave to File a Second Amended Complaint ("SAC") as follows:

## I. PRELIMINARY STATEMENT

Defendant So appreciates the liberal policy in favor of allowing the amendment of pleadings adding additional parties, *provided that* (1) the amendment is otherwise allowed by law and (2) the amendment does not cause prejudice to existing parties.

At a minimum, Plaintiff Ming Global's proposed SAC is confusing in several respects, and unless these ambiguities are clarified in a revised proposed SAC accompanying Plaintiff's Reply Brief hereto, then, allowing the version attached Plaintiff's moving papers will only result in So bringing a Motion to Dismiss, and clarification being provided later in a subsequent Third Amended Complaint.

The SAC is ambiguous as follows: First, on December 23, 2020, a Default by Clerk was entered as to Monarch Holdings [ROA #46]. However, now, Plaintiff apparently proposes to file a SAC against Monarch Holdings, Inc. dba Monarch International, Inc. ("Monarch Holdings"). Thus, is Plaintiff effectively asking the Court to set aside the default, such that Monarch Holdings would become a resurrected, active defendant again?

If not, allowing the SAC to be filed would lead to the inconsistent result of Monarch Holdings being defaulted on the FAC, while, on the other hand, the SAC is mainly directed at Monarch Holdings.

Second, on December 30, 2020, Plaintiff voluntarily dismissed Alyssa D'Urso a/k/a Alyssa Durso, an individual, Irvine Management Transfers and Holdings Corp. [ROA #47].

However, now, Plaintiff proposes to file a SAC against these same parties. Again, which is it? Plaintiff's Brief provides no explanation for changing its mind to re-add these defendants.

Third, the proposed SAC is very similar to the existing FAC, with both pleadings asserting the same nine (9) Claims for relief, all entitled as directed against Monarch Holdings, whereas the body of the Claims refer to "Monarch and its agents". The SAC ¶ 14 sets forth the (allegedly fake) names of Monarch's agents as: Alexander Mann, Scott Bailey, Peter Lynd, Graham Cowell, Simon Newton, and Angela Fung, However, the SAC does not designate existing FAC defendant So, or the proposed new SAC defendants Derek Nguyen ("Nguyen") and Javeed Matin ("Matin") within the group of "Monarch and its agents."

In other words, are So, Nguyen and Matin alleged to be agents of Monarch? If so, then, (1) what are the allegations against So, (2) as distinguished from the allegations against Nguyen and Matin? None of this is clear.

In addition, So's concerns with allowing the proposed SAC is that no direct discovery has been conducted between the parties so far (only third-party subpoenas), yet the January 2, 2021, Scheduling Order requires that settlement discussions be concluded by August 31, 2021, and sets a November 30, 2021, Trial Date.

Defendant So does not object to Plaintiff's Motion on grounds that it is brought beyond the March 5, 2021, deadline set by the Court for adding parties and amending pleadings, *provided that* the Trial Date is also postponed for approximately six (6) months.

A postponement of the Trial Date will not only avoid prejudice to defendant So, but also avoid the inevitable prejudice to new defendants Nguyen and Matin, who will need to be served with the SAC, likely in August 2021, and whose response to the SAC will likely not even be due until a date in September 2021. If So is not allowed time to conduct discovery,

particularly, as against Nguyen, then, she will be unfairly prejudiced by being required to prepare for and attend a November 30, 2021, Trial.

## II. THE SECOND AMENDED COMPLAINT IS AMBIGUOUS STATING A CLAIM AGAINST SO, AND IS SUBJECT TO AN INEVITABLE MOTION TO DISMISS

In deciding whether to grant leave to allow an amended pleading, the court should consider the following factors: bad faith, undue delay, repeated failure to correct deficiencies by prior amendment, prejudice to the opposing party, and potential futility. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 & n.3 (9th Cir. 1987).

While a district court should apply liberally apply the policy of favoring amendments to pleadings, leave to amend may be denied under Rule 15(a)(2) of the Federal Rules of Civil Procedure where the amendment would be futile or subject to immediate dismissal. *Carrico v. City & County of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011). An amendment is futile "only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense.'" *Barahona v. Union Pac. R.R. Co., 881 F.3d 1122, 1134* (9th Cir. 2018) (quoting *Sweaney v. Ada Cty*, 119 F.3d 1385, 1393 (9th Cir. 1997)); see also *Missouri ex rel. Koster v. Harris*, 847 F.3d 646, 656 (9th Cir. 2017).

The standard for assessing whether a proposed amendment is futile is the same as the standard imposed under a Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988).

Here, as outlined in the Preliminary Statement of this Opposition Brief, the existing Default as against Monarch Holdings is a serious, if not fatal, procedural obstacle to filing a SAC against Monarch Holdings. In other words, it would be completely inconsistent to allow the Default to stand against a party which is being re-added via a SAC.

Re-adding dismissed parties Alyssa D'Urso a/k/a Alyssa Durso, an individual, Irvine Management Transfers and Holdings Corp. does not pose the same serious difficulties, however, Plaintiff offers no explanation for why these parties were dismissed before and, should be re-added now.

Frankly, if the SAC is allowed to be filed, then, So plans to file a Motion to Dismiss against such SAC, since the SAC is insufficient in making sweeping allegations as to the distinct roles Monarch and its various agents. SAC ¶ 14 sets forth the (allegedly fake) names of Monarch's agents as: Alexander Mann, Scott Bailey, Peter Lynd, Graham Cowell, Simon Newton, and Angela Fung, <u>but</u> does <u>not</u> (1) name these persons as defendants, (2) nor designate existing FAC defendant So, or the proposed new SAC defendants Derek Nguyen ("Nguyen") and Javeed Matin ("Matin") within the group of "Monarch and its agents."

Merely stating legal conclusions as to agency without alleging specific facts as to the roles of each of the individual existing and proposed defendants, makes the SAC insufficient, and subject to a Motion to Dismiss.

If Plaintiff's proposed SAC can be revised to be more factual specific, particularly, in light of the discovery of new facts that Plaintiff alleges, then, the SAC might be able to properly state a claim upon which relief could be granted, but, not in its current form.

## III. <u>UNLESS THE TRIAL DATE IS CONTINUED, DEFENDANT VERONICA SO WILL BE PREJUDICED BY THE SECOND AMENDED COMPLAINT</u>

These factors relevant in considering whether to allow a pleading amendment do not merit equal weight. "[I]t is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003)

Defendant So is concerned that the Court's Scheduling Order requires that settlement

discussions be concluded by August 31, 2021, and sets a November 30, 2021, Trial Date.

Requiring So to respond to the SAC, and conduct discovery against newly added defendants (particularly, Nguyen, whom So may seek to add as a cross-claimant), when consider in light of the rapidly-approaching Trial Date, will result in prejudice to her.

Assuming Nguyen and Matin will not be served with the SAC until some date in August 2021, and since their response to the SAC will likely not even be due until some date in September 2021, So will not have the opportunity to even connect with Nguyen for purposes of conducting any settlement discussions.

Accordingly, if the Court allows the existing SAC, or a further revised SAC to be filed, then, to prevent So from being unfairly prejudiced by being required to prepare for and attend a November 30, 2021, Trial, the Court should postpone the Trial Date for approximately six (6) months.

Respectfully submitted,
**LAW OFFICE OF BRIAN BALLO**

Dated: July 6, 2021

By:________________________
Brian P. Ballo, Esq.
Attorney for Defendant and Cross-Claimant Veronica So a/k/a Maria Veronica So a/k/a Maria So

**PROOF OF SERVICE**

**MING GLOBAL LIMITED v. MONARCH HOLDINGS, INC., et. al.**

**U.S.D.C., Central District CA, Case No. 8:20-cv-01852-JVS-KES**

I, Brian Ballo, declare as follows:

I reside in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My address is 120 Vantis, Suite 300, Aliso Viejo, California, 92656.

On July 6, 2021, I served Defendant Veronica So a/k/a Maria Veronica So a/k/a Maria So's Opposition to Plaintiffs' Motion for Leave to File a Second Amended Complaint on:

| | |
|---|---|
| Nicholas Kennedy, Esq.<br>**Baker & McKenzie, LLP**<br>1900 North Pearl St., Suite 1500<br>Dallas, TX 75201 | Attorneys for Plaintiff<br>**Ming Global Limited** |
| Thomas Tysowsky, Esq.<br>**Baker & McKenzie, LLP**<br>1901 Avenue of the Stars, Suite 950<br>Los Angeles, CA 90067 | '' |
| Michael Jason Lee, Esq.<br>**Law Office of Michael Jason Lee, APLC**<br>4660 Law Jolla Village Drive, Suite 100<br>San Diego, CA 92122 | '' |
| Sunjina Ahuja, Esq.<br>**Dillon, Miller, Ahuja & Boss, LLP**<br>5872 Owens Ave., Suite 200<br>Carlsbad, CA 92008 | '' |

_XX_ **By E-mail**: Based on an order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the following e-mail addresses: nicholas.kennedy@bakermckenzie.com thomas.tysowsky@bakermckenzie.com michael@mjllaw.com sahuja@dmablaw.com I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

_XX_ I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Dated this July 6, 2021

Brian Ballo

**Brian P. Ballo. Esq.**