Brian P. Ballo, Esq. #134892
**Law Office of Brian Ballo**
120 Vantis, Suite 300
Aliso Viejo, CA  92656
p: (949) 690-4100
brian@ballo.law

Attorney for Defendant and Cross-
Claimant Veronica So a/k/a Maria
Veronica So a/k/a Maria So

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MING GLOBAL LIMITED, a Hong Kong company, | CASE NO.  8:20-cv-01852-JVS-KES |
| Plaintiff, | ANSWER AND AFFIRMATIVE DEFENSES TO SECOND AMENDED COMPLAINT BY VERONICA SO A/K/A MARIA VERONICA SO A/K/A MARIA SO, ONLY, AND DEMAND FOR JURY TRIAL |
| v. | |
| MONARCH HOLDINGS, INC., a Nevada corporation, d/b/a MONARCH INTERNATIONAL, INC.; VERONICA SO A/K/A MARIA VERONICA SO A/K/A MARIA SO, an individual; IRVINE MANAGEMENT TRANSFERS AND HOLDINGS CORP., a New York corporation, ALYSSA D'URSO a/k/a ALYSSA DURSO, an individual, and DOES 1 through 10, inclusive, | Before Judge James V. Selna and Magistrate Judge Karen E. Scott |
| Defendants. | |
| VERONICA SO A/K/A MARIA VERONICA SO A/K/A MARIA SO, an individual, | |
| Cross-Claimant, | |
| v. | |
| IRVINE MANAGEMENT TRANSFERS AND HOLDINGS CORP., a New York corporation, ALYSSA D'URSO a/k/a ALYSSA DURSO, an individual, and DOES 1 through 10, inclusive, | |
| Cross-Defendants. | |

COMES NOW, Defendant Veronica So a/k/a Maria Veronica So a/k/a Maria So ("So"), and for herself only, as an individual, Answers and asserts Affirmative Defenses to Plaintiff Ming Global Limited's ("Ming Global") Second Amended Complaint ("SAC") as follows:

## **PRELIMINARY STATEMENT**

Veronica So a/k/a Maria Veronica So a/k/a Maria So ("So") is an unsophisticated nurse assistant who provides patient care to elderly people.

While she is designated as the sole Officer of Defendant Monarch Holdings, Inc. ("Monarch"), she is <u>not</u> a Director, Shareholder or owner of Monarch.  She has no real understanding of the transactions as alleged in Ming Global's SAC, and she lacks the ability to have performed the elaborate fraudulent acts Monarch is alleged to have committed against Plaintiff Ming Global.

<u>In fact, everything that So did,</u> as represented in an **Indemnification Agreement and Mutual Release** signed by Monarch, Igor Grygorev ("Grygorev") and Yriy Ivanov ("Ivanov"), the sole shareholders of Monarch:

> "with respect to Monarch's business activities and, with respect to the financial transfers and Investments as alleged in [Ming Glboal'] SAC, <u>So was acting in a limited administrative capacity only, and each of her acts on behalf of Monarch were at the direction of Monarch, Grygorev and Ivanov,</u> in exchange for which So received total compensation of less than $30,000 from Monarch and $0 of Ming Global's alleged Investments."

The Indemnification Agreement and Mutual Release signed by Monarch, Grygorev and Ivanov (the "Indemnifying Parties") further provides that:

> "A.  Provided that, and for so long as, the Indemnifying Parties are not in default of any of the terms of this Agreement, and none of the representations of the Indemnifying Parties in this Agreement are untrue, then, So agrees not to file a Counter-Claim in the Lawsuit against Monarch, Grygorev, and Ivanov.

A. However, the limitation in paragraph 4(a), above, shall not prevent So from filing a Counter-Claim against any of the other existing Defendants, including, but not limited to, Irvine Management Transfers and Holdings Corp., a New York corporation, Alyssa D'Urso aka Alyssa Durso, or any future Defendants, or against any other third-parties whom So believes may have committed wrongs against So and caused So any damages."

Assuming Ming Global's allegations are true, Ming Global's losses are unfortunate. However, as alleged in So's Counter-Claim, such alleged losses are properly attributable to other named Defendants or parties other than So.  Further, to the extent So is held liable for anything, she will be fully indemnified by the Indemnifying Parties, including for her attorneys' fees incurred in this action. Thus, Ming Global should focus its attention on others, not So.

## NATURE OF THE ACTION

1.   With respect to paragraphs 1-6 of the SAC, So does not know or have enough information to form a belief as to whether the allegations are true, and on that basis, denies each and every allegation therein.

## THE PARTIES

2.   With respect to paragraph 7 of the SAC, So does not know or have enough information to form a belief as to whether the allegations are true, and on that basis, denies the allegations therein.

3.   With respect to paragraph 8 of the SAC, So clarifies that Monarch Holdings, Inc. may be served with process through its registered agents (a) in California, Veronica So, at 1625 N. El Camino Real, Unit B, San Clemente, CA 92672, (b) in Nevada, Erik Treutlein, at 1810 E. Sahara Ave., Suite 215, Las Vegas, NV 89104.  Otherwise, So admits the allegations therein.

4.   With respect to paragraph 9 of the SAC, So admits that she is an individual and is

a resident of Orange County, California, however, she denies that she was, or is now, the sole Director of Monarch Holdings.

5. With respect to paragraphs 10 -13 of the SAC, So does not know or have enough information to form a belief as to whether the allegations are true, and on that basis, denies each and every allegation therein.

## JURISDICTION AND VENUE

6. With respect to paragraph 14 of the SAC, So admits the allegations therein.

7. With respect to paragraph 15 of the SAC, So admits the allegations therein.

8. With respect to paragraph 16 of the SAC, So denies that "the money that was stolen from Ming Global by Monarch was transferred into the state of California". Except as denied, So does not know or have enough information to form a belief as to whether the allegations are true, and on that basis, denies the allegations therein.

9. With respect to paragraph 17 of the SAC, So denies that "the money that was stolen from Ming Global was transferred into this District". Except as denied, So does not know or have enough information to form a belief as to whether the allegations are true, and on that basis, denies the allegations therein.

## GENERAL ALLEGATIONS

10. With respect to paragraphs 18 – 53 and 55 of the SAC, So does not know or have enough information to form a belief as to whether the allegations are true, and on that basis, denies each and every allegation therein.

11. With respect to paragraph 54 of the SAC, So denies that she is a Director of Monarch. Exhibit 28 to the SAC does not contain the word Director. Exhibit 29 to the SAC states "Director: Not applicable". Except as specifically denied, So lacks information to form

a belief as to whether the other allegations therein are true, and on that basis, denies the allegations therein.

12. With respect to paragraph 55 of the SAC, So admits that the corporate filings of Monarch with the California Secretary of State list an address of: 1625 N. El Camino Real, Unit B, San Clemente, CA. Except as denied, So does not know or have enough information to form a belief as to whether the other allegations are true, and on that basis, denies each and every other allegation therein.

13. With respect to paragraph 56 of the SAC, So denies the allegations therein with respect to any current Monarch website: www.monarchholdingsinc.com. Except as specifically denied, So lacks information to form a belief as to whether the other allegations therein are true, and on that basis, denies the allegations therein.

14. With respect to paragraph 57 and 58 of the SAC, So admits that she is not a U.S. securities broker. Except as specifically, So does not know or have enough information to form a belief as to whether the allegations are true, and on that basis, denies each and every other allegation therein.

16. With respect to paragraphs 59 - 62 of the SAC, So does not know or have enough information to form a belief as to whether the allegations are true, and on that basis, denies the allegations therein.

17. With respect to paragraph 63 – 65 of the SAC, is informed and believes that such allegations are true, and on that basis, admits the allegations therein.

18. With respect to paragraph 66 of the SAC, So does not know or have enough information to form a belief as to whether the allegations are true, and on that basis, denies the allegations therein.

19. With respect to paragraph 66-67 of the SAC, So is informed and believes that Ms. D'Urso is a "participant in …. [some] fraudulent scheme to pilfer Ming Global's funds and shield [herself and others] behind fake holding companies," and on that basis, admits such allegations. Except as specifically admitted, So does not know or have enough information to form a belief as to whether the allegations are true, and on that basis, denies each and every other allegation therein.

20.  With respect to paragraphs 68-77 of the SAC, So does not know or have enough information to form a belief as to whether the allegations are true, and on that basis, denies the allegations therein.

## FIRST CLAIM FOR RELIEF

21. With respect to paragraphs 78-86 of the SAC, So does not know or have enough information to form a belief as to whether the allegations are true, and on that basis, denies the allegations therein.

## SECOND CLAIM FOR RELIEF

22. With respect to paragraphs 87-95 of the SAC, So does not know or have enough information to form a belief as to whether the allegations are true, and on that basis, denies the allegations therein.

## THIRD CLAIM FOR RELIEF

23. With respect to paragraphs 96-110 of the SAC, So does not know or have enough information to form a belief as to whether the allegations are true, and on that basis, denies the allegations therein.

## FOURTH CLAIM FOR RELIEF

24. With respect to paragraph 111-115 of the SAC, So expressly denies that she was an

agent of Monarch that knowingly "pursued, or joined in the pursuit of, a common course of conduct, and … acted in concert with and conspired with one another in furtherance of their common plan or design."  Except as specifically denied, So does not know or have enough information to form a belief as to whether the allegations are true, and on that basis, denies each and every other allegation therein.

## FIFTH CLAIM FOR RELIEF

25. With respect to paragraphs 116 - 119 of the SAC, So does not know or have enough information to form a belief as to whether the allegations are true, and on that basis, denies the allegations therein.

## SIXTH CLAIM FOR RELIEF

26. With respect to paragraphs 120 - 122 of the SAC, So does not know or have enough information to form a belief as to whether the allegations are true, and on that basis, denies the allegations therein.

## SEVENTH CLAIM FOR RELIEF

27. With respect to paragraphs 123 - 125 of the SAC, So does not know or have enough information to form a belief as to whether the allegations are true, and on that basis, denies the allegations therein.

## EIGHTH CLAIM FOR RELIEF

28.  With respect to paragraph 126-136 of the SAC, So does not know or have enough information to form a belief as to whether the allegations are true, and on that basis, denies the allegations therein.

## NINTH CLAIM FOR RELIEF

29. With respect to paragraphs 137-140 of the SAC, So does not know or have enough

information to form a belief as to whether the allegations are true, and on that basis, denies the allegations therein.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**
(Failure to State a Claim)

Plaintiff Ming Global Limited's ("Plaintiff" or "Ming Global") First Amended Complaint ("SAC"), and each Claim therein, fails to set forth SACts sufficient to state a claim against So.

**SECOND AFFIRMATIVE DEFENSE**
(Fault of Plaintiff)

If Plaintiff suffered or sustained any loss, injury, damage or detriment, the same was directly and proximately caused and contributed to by the breach, conduct, acts, omissions, activities, carelessness, recklessness, negligence, and/or intentional misconduct of Plaintiff, including, but, not limited to, (1) failing to conduct proper due diligence on the status of other parties with whom Plaintiff conducted business and made investments, and (2) by engaging in other unethical and illegal behavior, including, but not limited to, money laundering, not by So.

**THIRD AFFIRMATIVE DEFENSE**
(Fault of Others)

If Plaintiff suffered or sustained any loss, injury, damage or detriment, the same was directly and proximately caused and contributed to by the breach, conduct, acts, omissions, activities, carelessness, recklessness, negligence, and/or intentional misconduct of others, including, but not limited to, (1) Defendants Irvine Management Transfers and Holdings Corp. ("IMTHC"), and Alyssa D'Urso a/k/a/ Alyssa Durso ("D'Urso"), and (2) other third-

parties, including, but not limited to Christopher Kohl, Alexander Mann, Scott Bailley, Peter Lynd, Graham Cowell, Simon Newton and Angela Fung, and not by So.

## FOURTH AFFIRMATIVE DEFENSE
### (Consent/Acquiescence/Ratification)

Plaintiff acquiesced in, consented to and/or ratified the acts and omissions alleged in the SAC.

## FIFTH AFFIRMATIVE DEFENSE
### (Statute of Limitations)

Plaintiff's claims are barred in whole or in part by the applicable statute of limitations.

## SIXTH AFFIRMATIVE DEFENSE
### (Waiver)

Plaintiff's claims are barred in whole or in part by the equitable doctrine of waiver.

## SEVENTH AFFIRMATIVE DEFENSE
### (Good Faith)

Plaintiff's claims are barred because So's conduct was at all times undertaken in good faith.

## EIGHTH AFFIRMATIVE DEFENSE
### (Bona Fide Error/Mistake)

Any alleged acts or omissions of So that give rise to Plaintiff's claims are the result of innocent mistake and/or bona fide error despite reasonable procedures implemented by So.

## NINTH AFFIRMATIVE DEFENSE
### (No Causation)

Plaintiff is barred, in whole or in part, from recovering from So on any of Plaintiff's claims because there is no causal relationship between any injury alleged to have been suffered and any act of So.

## TENTH AFFIRMATIVE DEFENSE
### (Agents Not Liable)

Plaintiff's allegations regarding Monarch's agents and relating to piercing the corporate veil of Monarch, fail to state a cause of action as Plaintiffs fails to identify the alleged shareholders they seek to hold personally liable for the obligations of Monarch and fail to identify the alleged wrongful conduct relied on.

### ELEVENTH AFFIRMATIVE DEFENSE
(No Damages)

Plaintiff is not entitled to any relief because Plaintiff did not suffer any damages as a result of So's actions.

### TWELFTH AFFIRMATIVE DEFENSE

(Parol Evidence Rule)

To the extent that Plaintiffs' claims regarding the return of investment funds seek to vary, modify or contradict the terms contained in any of the Investment Agreements alleged in the SAC signed by Plaintiff, such claims are barred by the Parol Evidence Rule.

### THIRTEENTH DEFENSE
(Speculative Damages)

Plaintiff's alleged damages are speculative and not capable of being determined with reasonable certainty.

### FOURTEENTH DEFENSE
(Mitigation)

Plaintiff's claims are barred, in whole or in part, by the failure to exercise reasonable care to mitigate Plaintiff's alleged damages, if any.

### FIFTEENTH AFFIRMATIVE DEFENSE
(No Unjust Enrichment)

Plaintiff's equitable claims for restitution based on unjust enrichment are barred, as Plaintiffs have adequate remedies at law in actions for damages.

## SIXTEENTH AFFIRMATIVE DEFENSE
(No Injunctive Relief)

Plaintiff's equitable claims for injunctive relief are barred, as Plaintiffs have adequate remedies at law in actions for damages.

## SEVENTEENTH AFFIRMATIVE DEFENSE
(No Conspiracy)

Plaintiff's conspiracy claims fail to the extent that the underlying claims upon which such conspiracy claims are based fail or are otherwise unsupportable.

## EIGHTEENTH AFFIRMATIVE DEFENSE
(Laches)

Plaintiff's equitable claims are barred by the doctrine of laches.

## NINETEENTH AFFIRMATIVE DEFENSE
(Inconsistent Allegations)

If, as alleged by Plaintiff, no valid or enforceable Investment Agreements were ever entered into (due to alleged fraud in the inducement), then Plaintiffs' securities fraud claims, which are premised on the existence of a contract for the purchase of securities, fail and should be dismissed. Either Plaintiff alleges it had an "investment contract" and, thus, would have standing to assert securities fraud claims, or there was no "investment contract" and, thus, no entitlement to assert securities fraud claims.

## TWENTIETH AFFIRMATIVE DEFENSE
(Apportionment)

Pursuant to Fed. R. Civ. P. 19(a), in the event that liability is assessed against So in this action, then such liability should be properly allocated and apportioned by and among other Defendants and third-parties according to proof.

## TWENTY-FIRST AFFIRMATIVE DEFENSE
(No Causation)

Plaintiffs' securities fraud claims are barred in whole or in part because Plaintiff cannot establish loss causation.

## TWENTY-SECOND AFFIRMATIVE DEFENSE
(Unclean Hands)

Plaintiff is guilty of immoral, unconscionable conduct, the conduct was relied upon by So, and So was injured thereby.

## TWENTY-THIRD AFFIRMATIVE DEFENSE
(Equitable estoppel)

The Court should bar legal relief to Plaintiff, who has acted unfairly by making inaccurate representations upon which other parties have justifiably relied to their detriment.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE
(Failure to Join Necessary or Indispensable Party)

Plaintiff's case should be dismissed since Plaintiff has not included or joined a third-party whose participation is required.  In that entities' or person's absence, complete relief could not be accorded among the existing parties. The unnamed entity or person (sued by Plaintiff as Does 1-10) claims an interest in the subject of the action and is so situated that a disposition of the action in the entity or person's absence would impede that entity or person's ability to protect that interest or leave a current party, including So, subject to a substantial risk of incurring multiple or inconsistent obligations by reason of the entity or person's claimed interest.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE
(Reservation of Affirmative Defenses)

So has insufficient knowledge or information upon which to form a belief as to whether it may have additional, as yet unstated, defenses available.  So expressly reserves the right to assert additional defenses in the event that discovery indicates that such defenses

are appropriate.

### **PRAYER**

Accordingly, with respect to Ming Global's Prayer for Relief:

A.  So denies that Ming Global is entitled to an Order for a prejudgment Writ of Attachment against all of Monarch's corporate property;

B.  So denies that Ming Global is entitled to a preliminary and/or permanent injunction against So from taking any actions;

C.  So denies that Ming Global is entitled to any compensatory damages from So;

D.  So denies that Ming Global is entitled to any punitive or exemplary damages from So;

E.  So denies that Ming Global is entitled to any award of costs from So;

F.  So denies that Ming Global is entitled to any attorneys' fees from So;

G.  So denies that Ming Global is entitled to any pre-judgment and/or post-judgment interest as against So;

H. So requests that the Court issue a Judgment whereby Ming Global takes nothing from  So, or otherwise dismissing So from Ming Global's SAC; and,

I.  So requests that the Court Order such other and further relief as the Court may deem just and proper.

Respectfully submitted,
**LAW OFFICE OF BRIAN BALLO**

Dated: July 29, 2021                By:_____
                                         Brian P. Ballo, Esq.
                                         Attorney for Defendant Veronica So a/k/a
                                         Maria Veronica So a/k/a Maria So

## PROOF OF SERVICE

**MING GLOBAL LIMITED v. MONARCH HOLDINGS, INC., et. al.**

**U.S.D.C., Central District CA, Case No. 8:20-cv-01852-JVS-KES**

I, Brian Ballo, declare as follows:

I reside in the County of Orange, State of California.  I am over the age of 18 and not a party to the within action. My address is 120 Vantis, Suite 300, Aliso Viejo, California, 92656.

On July 29, 2021, I served Defendant Veronica So a/k/a Maria Veronica So a/k/a Maria So's Answer and Affirmative Defenses to Plaintiffs' Second Amended Complaint on:

Nicholas Kennedy, Esq.                     Attorneys for Plaintiff
**Baker & McKenzie, LLP**                  **Ming Global Limited**
1900 North Pearl St., Suite 1500
Dallas, TX  75201

Michael Jason Lee, Esq.
**Law Offices of Michael Jason Lee, APLC**
4660 La Jolla Village Drive, Suite 100
San Diego, California 92122

Sunjina K. Ahuja, Esq.
**Dillon Miller Ahuja & Boss, LLP**
5872 Owens Ave., Ste. 200
Carlsbad, California 92008

_XX_   **By E-mail**: Based on an order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the following e-mail addresses:
Nicholas.Kennedy@bakermckenzie.com Thomas.tysowsky@bakermckenzie.com michael@mjllaw.com sahuja@dmablaw.com
I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

_XX_   I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Dated this July 29, 2021

_____
**Brian P. Ballo. Esq.**