# DECLARATION OF THOMAS BROWN

I, Thomas Brown, declare as follows:

1. I am an attorney providing criminal defense representation for Defendant and Cross-Claimant Veronica So ("So"). I am not associated in, nor am I an attorney of record, in the above-referenced action. I have personal, first-hand knowledge of the facts set forth in this Declaration, and I could and would, competently testify hereto, if so required.

2. I provide this Declaration as well as another Declaration marked "*In-Camera Review, Only*", in support of So's request for a Stay of this Action as to So, including, the Taking of So's Deposition.

3. Ms. So engaged me on October 21, 2021, and I reviewed Plaintiff Ming Global Limited's ("Ming Global") Second Amended Complaint ("SAC") which alleges that So received transfers from Hong Kong of over $13,000,000 into bank accounts maintained by her in California, which Ming Global alleges were intended to be invested by Monarch Holdings, Inc. (she is a Director) into US stocks traded on NASDAQ and NYSE, however, these monies were not invested and, instead, transferred out.

4. Based on my experience as a former federal prosecutor and 37 years of practicing criminal and business litigation, I contacted the Assistant United States Attorney in the Southern District of New York who was conducting a grand jury investigation into the matters alleged in Plaintiff Ming Global's SAC. (Further Confidential details are contained in my *In Camera* Declaration). I left messages to speak to him.

5. On November 12, 2021, I emailed Michael Lee, Esq., Plaintiff's counsel:

**Subject:** Representation of Veronica So

"Mr. Lee,

I represent Veronica So in the grand jury investigation conducted in New York. I have learned that you wish to depose her in person.

Ms. So is out of the country and not available for deposition in person I have recently learned and wanted to pass on to you. I'm not even certain that she is available for a Zoom or similar type of video deposition as I have not been able to arrange such communication based on her lack of Wi-Fi.

Furthermore, based on my experience and training as a former federal prosecutor and practicing for 37 years in criminal and civil law, <u>Ms. So would have a good faith factual basis to assert her Fifth Amendment privilege against self-incrimination to any and all questions posed to her at this time, both to a deposition and to written discovery</u>. However, once I receive confirmation that Ms. So is not longer a subject or target of the government's investigation, Ms. So would be amenable to sitting for her deposition and responding to written discovery. Taking her deposition frankly under these circumstances would be a waste of time. I am willing to provide you a letter to this effect if you believe that would be necessary.

Please let me know if you would like to discuss further.

Best regards,
Tom

Thomas M. Brown
**Brown White & Osborn LLP"**

      6.      On November 12, 2021, Mr. Lee wrote me back via email, the contents of which are as follows:

"Tom,
Thanks for your e-mail, and please call me Michael.

I'll need to take instructions from my client on these developments. Did So receive a subpoena? Is she a target, subject or witness? To the extent you're able, please provide any additional information concerning the grand jury investigation so we have further context for the request.

Should we decide to cancel or postpone So's deposition, we'll let you know in writing. That said, to avoid any ambiguity, please note that So's noticed in-person deposition will otherwise remain on calendar.

Michael"

-14-
Defendant Veronica So Motion to Stay Case
Ming Global Limited v. Monarch Holdings, Inc., et. al.

7. On November 12, 2021, I wrote further to Mr. Lee:

"Michael,

Nice to meet you.

I understand having instructions from your client. She has not received a subpoena. I've been in contact with the prosecutor's office and can only confirm that <u>I have sufficient facts to make an in camera showing of a good faith basis for her to assert her Fifth Amendment rights. I'm uncertain if you have issued any written discovery, but if so, I've instructed Brian not to respond and simply to assert the privilege as to any and all questions posed or documents requested.</u>

The reason I'm trying to work this out with you is because, as you surely are aware, parties are entitled to only one session of testimony without court intervention, and I've been successful in the past in resisting a subsequent session in situations where my client has asserted his Fifth Amendment privilege and I disclosed that he would to opposing counsel beforehand, the deposition went forward and he asserted his privilege, sometime thereafter he no longer was in criminal jeopardy, opposing counsel sought to depose him again, and the court rejected the second session noting that counsel should not have gone forward with the first session under those circumstances.

I do not want to waste your client's and my client's and our time and money if possible.

Best regards,
Tom Brown"

8. On November 15, 2021, Mr. Lee wrote me again:

"Thanks for your additional feedback, Tom – appreciated.

I don't have my client's final feedback yet, but I suspect the instruction will be to move forward w/ So's deposition. I expect to have final feedback w/in the next 1-2 business days, at which time I'll follow up, but I wanted to covey the afore-noted now for planning purposes on Brian's end in the civil case (and your end if you'll be associating into the case).

Michael"

9. On November 15, 2021, wrote me further:

"Tom: further to my last e-mail, my client will be moving forward w/ So's deposition as noticed."

-15-
Defendant Veronica So Motion to Stay Case
Ming Global Limited v. Monarch Holdings, Inc., et. al.

11. On November 16, 2021, I finally was able to speak with the AUSA in the Southern District of New York. He told me that Veronica So was between a subject and target in his grand jury investigation. He told me that he's interested in finding out why approximate $13 million went to bank accounts maintained by Monarch Holdings, Inc., what she knows about the international firms, and people involved in both sending and receiving such funds. (Further Confidential details are contained in my *In Camera* Declaration).

12. On November 16, 2021, an FBI Agent came to So's house and left his card asking to speak with her. I called him and left him a message. Further Confidential details are contained in my *In Camera* Declaration).

I declare under penalty of perjury under the laws of the United States of America that the forgoing is true and correct. Executed at Los Angeles, CA.

Dated: November 29, 2021      _____
                                **Thomas Brown**