Nicholas O. Kennedy (State Bar No. 280504)
nicholas.kennedy@bakermckenzie.com
**BAKER & McKENZIE LLP**
1900 North Pearl Street, Suite 1500
Dallas, TX  75201
Telephone: 214.978.3000

Thomas Tysowsky (State Bar No. 330022)
thomas.tysowsky@bakermckenzie.com
**BAKER & McKENZIE LLP**
10250 Constellation Boulevard, Suite 1850
Los Angeles, CA  90067
Telephone: 310.201.4728

Attorneys for Plaintiff,
MING GLOBAL LIMITED, a Hong Kong company

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MING GLOBAL LIMITED, a Hong Kong company,<br><br>            Plaintiff,<br><br>      v.<br><br>MONARCH HOLDINGS INC., a Nevada corporation, d/b/a MONARCH INTERNATIONAL INC., VERONICA SO a/k/a MARIA VERONICA SO a/k/a MARIA SO, an individual, IRVINE MANAGEMENT TRANSFERS AND HOLDINGS CORP, a New York corporation, ALYSSA D'URSO a/k/a ALYSSA DURSO, an individual; and Does 1 through 10 inclusive,<br><br>            Defendants. | **Case No. 8:20-cv-01852-JVS-KES**<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION OF VOLUNTARY DISMISSAL, WITHOUT PREJUDICE**<br><br>**[Fed. R. Civ. P. 41(A)(2)]**<br><br>Date:    September 12, 2022<br>Time:    1:30 p.m.<br>Ctrm:    10C<br>Judge: Hon. James V. Selna<br><br>District Judge James V. Selna<br>Magistrate Judge Karen E. Scott<br><br>SAC Filed: July 19, 2021 |

## NOTICE OF MOTION

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that on September 12, 2022 at 1:30 p.m., or as soon thereafter as the matter may be heard before the Honorable James V. Selna in Courtroom 10C of the above-captioned Court, Plaintiff Ming Global Limited ("Plaintiff" or "Ming Global") by and through its undersigned counsel, moves for the voluntary dismissal of its claims against Defendant Veronica So, aka Maria So, in the above-captioned action pursuant to Federal Rule of Civil Procedure 41(A)(2) without prejudice. Following the Court's dismissal of So without prejudice, as well as the contemporaneously-filed notice of dismissal filed by Ming Global whereby Ming Global voluntarily dismisses, without prejudice, Defendant Monarch Holdings Inc., *dba* Monarch International Inc., Defendant Derek Nguyen and Defendant Javeed Matin, Ming Global would accordingly have no claims against any defendants in this suit and no party would have any claims pending against Ming Global. Thus, Ming Global respectfully requests the voluntary dismissal, without prejudice, of Ming Global in the above-captioned action pursuant to Federal Rule of Civil Procedure 41(A)(2).

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

On September 24, 2020, Ming Global filed its Complaint in this action against Defendant Monarch Holdings Inc., *dba* Monarch International Inc. ("Monarch"), alleging various claims regarding investment fraud. (ECF No. 1.) On October 6, 2020, after discovering new facts and information, Ming Global filed a First Amended Complaint against Defendant Monarch, Veronica So *aka* Maria Veronica So *aka* Maria So ("So"), Irvine Management Transfers And Holdings Corp. ("Irvine"), and Alyssa D'Urso *aka* Alyssa Durso ("D'Urso"), alleging similar claims regarding investment fraud. (ECF No. 17.) However, after further discovering new facts and information, Ming Global dismissed its claims against Defendant Irving and Defendant D'Urso on December 30, 2020 (ECF No. 47), and subsequently, on July 19, 2021, filed its currently-operative

Second Amended Complaint against Defendant Monarch, Defendant Derek Nguyen, Defendant Javeed Matin as well as Defendant So.  (ECF No. 57.)  Defendants Monarch, Nguyen, and Matin have not appeared in this case, but Defendant So answered Ming Global's Second Amended Complaint on July 29, 2021.  (ECF No. 58.)  In addition to answering Ming Global's Second Amended Complaint, Defendant So filed fraud and indemnity-related crossclaims against Cross-Defendants Monarch, D'Urso, Irvine, Igor Grygorev, and Yriy Ivanov.  (ECF No. 42.)

Ming Global concurrently filed with this motion a notice of voluntary dismissal, without prejudice, against Defendants Monarch, Nguyen, and Matin, each of whom have not appeared in this case.  Thus, Ming Global respectfully requests, through this motion, voluntary dismissal, without prejudice, of itself and its claims against Defendant So.

## II.   ARGUMENT

Federal Rule of Civil Procedure 41(a)(2) establishes that "[e]xcept as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper."  Fed. R. Civ. P. 41(a)(2).  A plaintiff's motion for voluntary dismissal "is addressed to the district court's sound discretion and the court's order will not be disturbed unless the court has abused its discretion."  *Stevedoring Servs. of Am. v. Armilla Int'l B. V.*, 889 F.2d 919, 921 (9th Cir.1989) (citing *Sams v. Beech Aircraft Corp.*, 625 F.2d 273, 277 (9th Cir.1980)).  The Ninth Circuit has held that dismissal without prejudice is proper "so long as the defendant will not be prejudiced . . . or unfairly affected by dismissal."  *Id.*; *see also Deckers Outdoor Corp. v. Romeo & Juliette, Inc.*, No. 2:15-cv-02812-ODW(CWx), 2016 U.S. Dist. LEXIS 138593, at *3 (C.D. Cal. Oct. 5, 2016).  When evaluating whether a defendant will be prejudiced or unfairly affected by a voluntary dismissal, a district court must consider "whether the defendant will suffer some plain legal prejudice as a result of the dismissal."  *Hamilton v. Firestone Tire & Rubber Co., Inc.*, 679 F.2d 143, 145 (9th Cir.1982) (citing *Hoffmann v. Alside, Inc.*, 596 F.2d 822, 823 (8th Cir. 1979)).  Legal prejudice is "prejudice to some legal interest, some legal claim, [or] some legal argument" and focuses on "the rights and

defenses available to a defendant in future litigation." *Westlands Water Dist. v. United States*, 100 F.3d 94, 97 (9th Cir. 1996).  However, legal prejudice "does not result simply when [a] defendant faces the prospect of a second lawsuit or when [a] plaintiff merely gains some tactical advantage" by dismissing the action.  *Hamilton*, 679 F.2d at 145. Further, "the threat of litigation which causes uncertainty is insufficient to establish plain legal prejudice."  *Viriyapanthu v. Bank of Am., N.A.*, No. SA CV 12-1285-DOC (ANx), 2013 U.S. Dist. LEXIS 87879, 2013 WL 3188848, at *3 (June 21, 2013) (citing *Westlands*, 100 F.3d at 96).

As a result of Ming Global's concurrently-filed notice of voluntary dismissal, without prejudice, of Defendants Monarch, Nguyen, and Matin, and because Defendant So does not have any crossclaims against Ming Global, Ming Global's only remaining involvement in this suit are through its claims against Defendant So.  Ming Global pursues the voluntary dismissal of its claims against Defendant So so that Ming Global would neither have any remaining claims against any Defendant, nor any claims against it, in the lawsuit, and so that Ming Global itself can be voluntarily dismissed, without prejudice, from this lawsuit.  Ming Global could thus avoid further expenditure of Ming Global's and the Court's resources pursuing its current claims at the moment.

Defendant So, unlike Defendants Monarch, Nguyen, and Matin, has appeared in this case, and thus Ming Global could not simply file a notice of voluntary dismissal, without prejudice, concerning its claims against Defendant So.  *See* Fed. R. Civ. P. 41(a)(1) (concerning dismissals without a court order).  However, Ming Global could not engage Defendant So to obtain a stipulation of voluntary dismissal, without prejudice, because Defendant So is currently unrepresented by legal counsel. *See id*.  Defendant So is unrepresented because her counsel withdrew from the case as a result of non-payment from Defendant So.  (ECF No. 71.)

Therefore, because Ming Global seeks to voluntarily dismiss, without prejudice, its claims against Defendant So only so that Ming Global may itself be voluntarily dismissed, without prejudice, from this action, Defendant So is not legally prejudiced in any way by

these dismissals. Her legal interests, arguments, and any legal claims of Defendant So's remain unchanged.

The Court should grant this motion for voluntary dismissal, without prejudice, of Ming Global's claims against Defendant So, and, also grant this motion for voluntary dismissal, without prejudice, of Ming Global from this action, since Ming Global would have no legal claims against any other party (once the claims against Defendant So are dismissed) and there would be no claims pending against Ming Global.

## III.   CONCLUSION

For the foregoing reasons, Plaintiffs pray this Court grants their Motion for Voluntary Dismissal, Without Prejudice, of Defendant Maria So, and of Ming Global, pursuant to Rule 41(a)(2).

Dated: August 15, 2022

Respectfully submitted,

**BAKER & McKENZIE LLP**
Nicholas O. Kennedy
Thomas Tysowsky

By:  /s/ Nicholas O. Kennedy
          Nicholas O. Kennedy

Attorneys for Plaintiff
MING GLOBAL LIMITED